# Corrected Exhibit A

LITIGATION
CLAIMS

JUL 0 5 2022

SUMMONS                                **RECEIVED**

Attorney(s) <u>James A. Francis</u>                              **Superior Court of**
Office Address <u>1600 Market Street, Suite 2510</u>                  **New Jersey**
Town, State, Zip Code <u>Philadelphia, PA 19103</u>

                                                        <u>Camden</u>       County
Telephone Number <u>215-735-8600</u>                       <u>Civil Part (L)</u>  Division
Attorney(s) for Plaintiff <u>James A. Francis</u>           Docket No: <u>1599-22</u>

Bruce Taylor, on behalf of himself and
others similarly situated
          Plaintiff(s)
                                              **CIVIL ACTION**
        vs.                                      **SUMMONS**
J. B. Hunt Transport Services, Inc.


          Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached
to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written
answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days
from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy
clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your
written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex,
P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case
Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when
it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above,
or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written
answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your
defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for
the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your
money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal
Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are
not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.
A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil
Division Management Office in the county listed above and online at
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                              */s/ Michelle Smith*
                                              Clerk of the Superior Court

DATED:  <u>06/24/2022</u>

Name of Defendant to Be Served:  <u>J. B. Hunt Transport Services, Inc.</u>

Address of Defendant to Be Served:  <u>c/o John Roberts, 615 J.B. Hunt Corp. Drive, Lowell, AR 72745</u>


Revised 11/17/2014, CN 10792-English (Appendix XII-A)

James A. Francis
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
E: jfrancis@consumerlawfirm.com

Additional Counsel on Signature Page          Attorney(s) for Plaintiff and the Class

| | |
|---|---|
| BRUCE TAYLOR, on behalf of himself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY – LAW DIVISION |
| Plaintiff, | CAMDEN COUNTY |
| v. | DOCKET NO. _____ |
| J. B. HUNT TRANSPORT SERVICES, INC. | JURY TRIAL DEMANDED |
| Defendant. | CLASS ACTION |

## <u>COMPLAINT – CLASS ACTION</u>

On behalf of himself and all others similarly situated, Plaintiff Bruce Taylor ("Plaintiff" or "Mr. Taylor"), by and through his attorneys, respectfully alleges as follows:

### <u>NATURE OF THE ACTION</u>

1.      This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), brought on behalf of applicants for employment with Defendant J.B. Hunt Transport Services, Inc. ("J.B. Hunt").  Plaintiff contends that Defendant systematically violates section 1681b(b)(3) of the FCRA by using a consumer report to make an "adverse" employment decision without, beforehand, providing the person who is the subject of the report a copy of the report and a summary of rights under the FCRA, leaving the person who is the subject of the report without any time, much less sufficient time, to dispute the report.

2.      The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as J.B. Hunt. This action involves Defendant's systematic violations of several of those important rules.

3.      Plaintiff was denied employment as a driver at J.B. Hunt based on a standardized background screen conducted by Carco Group, Inc., d/b/a Driver iQ ("Driver iQ") pursuant to an agreement between Driver iQ and Defendant whereby Driver iQ performs a standardized background screen on all of Defendant's candidates for hire or promotion. Driver iQ misidentified Plaintiff as not eligible for the job based on the purported criminal record involving a felony conviction.

4.      In violation of the FCRA, Defendants willfully and negligently failed to provide Plaintiff with the mandatory "pre-adverse action notice" and a copy of the flagrantly inaccurate background report it obtained from Driver iQ, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3). Every year, individuals who have applied to J.B. Hunt for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

5.      Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and a class of similarly situated employment applicants and employees who were required to sign Defendant's job application disclosure form that violated section 1681b(b)(2) and to whom Defendant failed to provide the "pre-adverse action notice" required by 15 U.S.C. § 1681b(b)(3).

## PARTIES

6.      Plaintiff is an adult individual residing in West Collingswood City, New Jersey.

7.      Upon information and belief, Defendant J.B. Hunt is a company headquartered and incorporated in Arkansas.  Generally, J.B. Hunt "provides a variety of freight transportation services to customers throughout the United States, Canada, and Mexico." (www.jbhunt.com, "Our Company") (last accessed June 16, 2022).

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter because Defendant regularly conducts business in the State of New Jersey.  Defendant J.B. Hunt is a corporation licensed to do business in the State of New Jersey, regularly conducting business in New Jersey and at all times relevant, acting alone or in concert with others, formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set forth in this Complaint.

9.      Defendant claims that it is "one of the largest supply chain solutions providers in North America," which, as recently as November of 2021, touted its "recently expanded facility in Jersey City, New Jersey." https://www.jbhunt.com/our-company/newsroom/2021/11/211104-j-b--hunt-launches-new-transload-service-supporting-the-n.html   (last accessed June 16, 2022). Where a defendant's contacts are "continuous and systematic," a court may properly exercise general personal jurisdiction over the defendant, even where the defendant's presence in the forum bears no relation to plaintiff's claim against it. *Lebel v. Everglades Marina, Inc.*, 115 N.J. 317, 322 (1989).

10.     Pursuant to R. 4:3-2(a)(3), venue is proper in this Court as the causes of action asserted herein arose in Burlington County and Plaintiff resides in Camden County.

## STATEMENT OF FACTS

**Background:  Defendant's Use of Driver iQ's Screening Activities**

11.     Driver iQ is, for the trucking industry, among the largest of the nation's employment background screening companies, *i.e.,* those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to prospective employers and employers.

12.     Driver iQ investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

13.     From its files, Driver iQ sells consumer reports to potential employers (such as Defendant) wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants or employees.  According to its website, Driver iQ "understands the necessity of performing secure, accurate and up-to-date background checks for your applicants and employees."  https://www.driveriq.com/what-we-do/ (last accessed June 16, 2022).

14.     In addition to providing background reports, Driver iQ provides to its employment screening customers the following background services:  Previous Record of Employment and Driver School Record Verification; Driving Records; Criminal History; Education & Military Verification; Eligible for Rehire Notifications; Current Employee Retention Notification. https://www.driveriq.com/what-we-do/ (last accessed June 16, 2022).

15.     JB Hunt uses Driver iQ's screening services for job applicants and/or newly hired employees.

16.     Under the FCRA, a "user" of a consumer report, such as JB Hunt, who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must

include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A).

17.     The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant or employee that he is about to experience an adverse action, such as a rejection, based on the content of a report, and to provide him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

18.     In negligent, reckless and willful disregard of the requirements of the FCRA, Defendant takes immediate adverse action against job applicants who have a disqualifying criminal record without providing them with a copy of the report, notice of potential adverse action and an opportunity to review and/or dispute the record.

**The Facts Pertaining to Class Representative Plaintiff Bruce Taylor**

19.     Plaintiff Bruce Taylor applied for employment with JB Hunt as a driver in or around March 2022.

20.     Mr. Taylor was qualified for the position.

21.     After an interview, JB Hunt made an offer of employment to Mr. Taylor contingent upon drug screen and background check results.

22.     In connection with Mr. Taylor's application, JB Hunt purchased a background screening report from Driver iQ for the purpose of evaluating his eligibility for employment.

23.     On or about March 12, 2022, using its usual practices and procedures, Driver iQ compiled and furnished criminal records data for use in a consumer background report to Defendant JB Hunt regarding Mr. Taylor.

24.    On or about March 18, 2022, while Plaintiff was accompanying a JB Hunt driver for training purposes, JB Hunt contacted Plaintiff and advised him that he was terminated.

25.    JB Hunt did not provide Plaintiff with a reason for the termination or a copy of the March 12, 2022, Driver iQ report.

26.    Immediately thereafter, Mr. Taylor attempted to reach JB Hunt to understand why he had been terminated.

27.    After several failed attempts, Mr. Taylor made contact with JB Hunt on or about April 14, 2022, and JB Hunt's representative verbally informed Mr. Taylor that it terminated him due to a felony criminal charge in his history.

28.    JB Hunt still had not provided Plaintiff with a copy of the Background Report.

29.    Thereafter, Plaintiff completed an authorization form from JB Hunt and repeatedly sent it to JB Hunt to gain a copy of his Background Report.

30.    Plaintiff finally received a physical copy of the Background Report on or about May 7, 2022, after JB Hunt had terminated his employment.

31.    Upon review of the report, Plaintiff discovered the felony record that was the cause of his termination.  The criminal record was completely inaccurate, as Plaintiff does not have any criminal record and therefore the record belonged to another individual.

32.    Plaintiff was deprived of an opportunity to dispute the report's accuracy, and/or explain its obvious inaccuracy with Driver iQ and with J.B. Hunt prior to his termination.

33.    J.B. Hunt never sent Mr. Taylor a "Notice of Adverse Action" letter.

34.    J.B. Hunt denied Mr. Taylor's application for employment based partly or solely upon the felony criminal charge inaccurately reported on his background check.

35.     As a direct result of Defendant's unlawful use of the Driver iQ background report,

Mr. Taylor lost the job at J.B. Hunt, and suffered financial loss in the form of lost wages.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action pursuant to the New Jersey Rules of Civil Procedure

4:32-1 on behalf of a class defined as follows:

> All employees of Defendant J.B. Hunt Transport, Inc. or applicants for
> employment with Defendant residing in the United States (including all
> territories and other political subdivisions of the United States) who were the
> subject of a background report that was used by Defendant to make an
> adverse employment decision regarding such employee or applicant for
> employment, within two years prior to the filing of this action and extending
> through the resolution of this case, and for whom Defendant failed to provide
> the employee or applicant a copy of their consumer report or a copy of the
> FCRA summary of rights at least five business days before it took such
> adverse action.

37.     Plaintiff reserves the right to amend the definition of the Class based on discovery

or legal developments.

38.     **Numerosity. N.J. CIV. P. 4:32-1(a)(1).** The Class members are so numerous that

joinder of all is impractical.  Upon information and belief, J.B. Hunt obtains hundreds if not

thousands of consumer reports on employees and applicants for employment each year, and those

persons' names and addresses are identifiable through documents maintained by J.B. Hunt.

39.     **Existence and Predominance of Common Questions of Law and Fact.**

**N.J. CIV. P. 4:32-1(a)(2).** Common questions of law and fact exist as to all members of the Class,

and predominate over the questions affecting only individual members.  The common legal and

factual questions include, among others:

a)     Whether Defendant failed to provide each employee or applicant for

employment a copy of their consumer report at least five business days before they took adverse

action based upon the consumer report;

b)      Whether Defendant failed to provide each employee or applicant for employment a copy of their written notice of FCRA rights at least five business days before they took adverse action based upon the consumer report;

c)      Whether Defendant acted willfully or negligently in disregard of the rights of employees and applicants in their failure to permit their employees and automated systems to send consumers (employees and applicants) their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

40.     **Typicality. N.J. CIV. P. 4:32-1(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

41.     **Adequacy. N.J. CIV. P. 4:32-1(a)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

42.     **Predominance and Superiority. N.J. CIV. P. 4:32-1(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the

Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I
**Failure to Provide Pre-Adverse Action Notice Requirements**
**Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3)**
**(On behalf of Plaintiff and Class)**

43.    Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

44.    Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

45.    The Driver iQ background reports ordered by Defendant are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

46.    The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

47.    For purposes of this requirement, an "adverse action" includes "any … decision … that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

48.    Defendant J.B. Hunt is a "person" that regularly uses Driver iQ background reports for employment purposes.

49.     The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

50.     Defendant willfully or negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Class the following before using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and, (c) a written description of the consumer's rights under the FCRA, and thereby denied the consumers sufficient time to be able to review and dispute the report before Defendants took adverse action on their employment applications, promotion applications or employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A.     An order certifying the case as a class action on behalf of the proposed Class under New Jersey Rule of Civil Procedure 4:32-1 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.     An award of actual, statutory and punitive damages for Plaintiff and the Class;

C.     An award of pre-judgment and post-judgment interest as provided by law;

D.     An award of attorneys' fees and costs; and,

E.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff Bruce Taylor hereby designates James A. Francis, John Soumilas, Lauren KW Brennan, and Robert P. Cocco as trial counsel.

## CERTIFICATION

JAMES A. FRANCIS, of full age, hereby certifies:

1.      In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding.

2.      No other action or arbitration proceeding is contemplated.

3.      No other parties are known who should be joined in this action.

4.      This pleading has been filed within the time prescribed by R. 4:9-1.

5.      The foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 22, 2022

By:  _/s/ James A. Francis_
James A. Francis (NJ Bar #012601996)
**FRANCIS MAILMAN SOUMILAS, P.C.**
James A. Francis (#012601996)
John Soumilas (#020371999)
Lauren KW Brennan (#074202013)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel:  (215) 735-8600
Fax:  (215) 940-8000
Email:  jfrancis@consumerlawfirm.com
          jsoumilas@consumerlawfirm.com
          lbrennan@consumerlawfirm.com

Robert P. Cocco
ROBERT P. COCCO, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
bob.cocco@phillyconsumerlaw.com

*Attorneys for Plaintiff and the Class*



New Jersey Judiciary
Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| James A. Francis | (215) 735-8600 ext. | Camden |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Francis Mailman Soumilas, P.C. | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 1600 Market Street, Suite 2510 | Philadelphia | PA | 19103 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Plaintiff Bruce Taylor | Taylor v. J.B. Hunt Transport Services, Inc. |

Case Type Number (See page 3 for listing)  999

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ■ No |
| Is this a professional malpractice case? | ☐ Yes | ■ No |
| If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. | | |
| Related Cases Pending? | ☐ Yes | ■ No |
| If "Yes," list docket numbers | | |
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ■ No |
| Name of defendant's primary insurance company (if known) | ☐ None | ■ Unknown |

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?   ■ Yes    ☐ No
   If "Yes," is that relationship:
■ Employer/Employee      ☐ Friend/Neighbor      ☐ Familial      ☐ Business
☐ Other (explain) _____

---

Does the statute governing this case provide for payment of fees    ■ Yes    ☐ No
by the losing party?

---

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition.

---

   Do you or your client need any disability accommodations?   ☐ Yes    ■ No
      If yes, please identify the requested accommodation:

   Will an interpreter be needed?                                ☐ Yes    ■ No
      If yes, for what language?

---

**I certify that confidential personal identifiers have been redacted from documents now
submitted to the court and will be redacted from all documents submitted in the future in
accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |
| | Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**
■ **Putative Class Action**     ☐ **Title 59**        ☐ **Consumer Fraud**

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-001599-22

**Case Caption:** TAYLOR BRUCE  VS J.B. HUNT TRANSPORT  SVCS, INC

**Case Initiation Date:** 06/22/2022

**Attorney Name:** JAMES ARTHUR FRANCIS

**Firm Name:** FRANCIS & MAILMAN, PC

**Address:** 1600 MARKET ST STE 2510

PHILADELPHIA PA 19103

**Phone:** 2157350800

**Name of Party:** PLAINTIFF : Taylor, Bruce

**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** OTHER Violations of FCRA 15 USC Sec 1681

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Bruce Taylor?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/22/2022
Dated

/s/ JAMES ARTHUR FRANCIS
Signed

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN            NJ 08103
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JUNE 22, 2022
                    RE:     TAYLOR BRUCE   VS J.B. HUNT TRANSPORT  SVCS, INC
                    DOCKET: CAM L -001599 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK K. CHASE

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     201
AT:  (856) 650-9100 EXT 43134.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: JAMES A. FRANCIS
                              FRANCIS & MAILMAN, PC
                              1600 MARKET ST
                              STE 2510
                              PHILADELPHIA     PA 19103


ECOURTS

James A. Francis, Esquire
1600 Market Street, Suite 2510
Philadelphia 19103 PA
(215) 735-8600



## Superior Court of New Jersey
## In the Civil Division
## Camden County

Bruce Taylor

v.

J.B. Hunt Transport Services, Inc.

Case No.:1599-22

## AFFIDAVIT OF SERVICE

STATE OF AR
COUNTY OF BENTON  ss

I, _PATTI L. GAY_, being duly sworn according to law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

On _7/1/22_ at _2:20_ AM /PM, served **J.B. Hunt Transport Services, Inc. c/o John Roberts** with the following list of documents:
**Summons & Complaint, CIS, Track Assignment Notice**

Said service was executed at:
_615 J.B. HUNT CORP Drive_    _Lowell_    _AR_    _72745_
**Address**                        **City**    **State**    **Zip**

☐ Personally served.
☐ Adult family member with whom said Respondent resides.
  Name: _____  Relationship: _____
☐ Adult in charge of Respondent's residence who refused to give bame and/or relationship.
☐ Manager/Clerk of place of lodging in which Respondent resides.
☒ Agent or person in charge of Respondent's office or usual place of business.
  Name: _ZACH STONE_  Title: _CAMPUS Security Mgr_
☐ Other: _____

Description of person process was left with:
Sex: _M_    Skin: _Whi_  Hair: _Lt Blo_  Age: _30_  Height: _6'1''_  Weight: _180_

**Non-Service:** After due search, careful inquiry and diligent attempts at the address listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s)

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Vacant    ☐ No Answer - Several Attempts
☐ Address Does Not Exist ☐ Other _____

Service Attempts: (1) _____  (2) _____  (3) _____  (4) _____
                    Date  Time    Date  Time    Date  Time    Date  Time
Comments: _____

Signed and sworn before me on
this _1_ day of _July_, 20_22_

_Cathy Goulet_
Notary Public

OFFICIAL SEAL
CATHY GOULET
NOTARY PUBLIC, ARKANSAS
BENTON COUNTY
COMMISSION #12688383

(Signature)    BPS 21-5

On Behalf of:
Dennis Richman Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
2150770393

SAAFF/P199020