ECF No. 81

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE TAYLOR, *on behalf of himself and those similarly situated*,<br>　　　　　　　Plaintiff,<br>v.<br>J.B. HUNT TRANSPORT SERVICES, INC.,<br>　　　　　　　Defendant. | C.A. NO. 1:22-cv-4832-CPO-MJS |

This matter having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action Settlement with Defendant J.B. Hunt Transport Services, Inc., the Court having considered all papers filed and arguments made with respect to the Settlement, the Court finds that:

1. For purposes of the Settlement, the Settlement as defined in the Settlement Agreement[1] is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order Directing Notice to the Class, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Agreement.

3.    The Settlement Administrator has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that the notification complies fully with the applicable requirements of CAFA.

4.    The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

5.    The Class Representative and Class Counsel, Francis Mailman Soumilas, P.C. and Robert Cocco, P.C. have adequately represented the proposed Settlement Class.

6.    The relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of providing payments to Settlement Class members including the method of processing class members claims, and the terms of the proposed award of attorneys' fees and costs, including timing of payment.

7.    The proposed settlement treats members of the respective Settlement Class equally relative to each other.

8.    The persons listed in Exhibit G to the Declaration of Monica Murray Re: Notice Procedures hereto have validly excluded themselves from the Settlement Class indicated in accordance with the provisions of the Order Directing Notice to the Class.

9.    The parties and each Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10.    It is in the best interests of the parties and the Class members and consistent with principles of judicial economy that any dispute between any Class member (including any dispute as to whether any person is a Class member) and any Released Person which in any way relates

to the applicability or scope of the Settlement Agreement or the Final Approval Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

11. This action is a class action against Defendant on behalf of a class of consumers defined as follows (the "Settlement Class"):

> All employees of Defendant J.B. Hunt Transport Services, Inc. or applicants for employment with Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a background report that was used by Defendant to make an adverse employment decision regarding such employee or applicant for employment, and for whom Defendant failed to provide the employee or applicant a copy of their consumer report or a copy of the FCRA summary of rights at least five business days before it took such adverse action, from June 22, 2020 through September 11, 2024.

12. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Classes and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

13. This action is hereby dismissed on the merits, with prejudice and without costs.

14. As agreed by the parties, upon the Effective Date, Defendant and the Released Parties shall be released from the Claims in accordance with the terms of the Settlement Agreement.

15. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning

the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

17. Upon consideration of the application for an individual settlement and service award, the Class Representative, Bruce Taylor, is awarded the sum of fifteen thousand dollars ($15,000.00) in consideration of his individual claims, the broader release he provides, and for the valuable service he has performed for and on behalf of the Class.

18. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
HON. MATTHEW J. SKAHILL
UNITED STATES MAGISTRATE JUDGE

Dated: 11-20-25